UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-113-TBR

IN THE MATTER OF THE COMPLAINT OF SMITHLAND
TOWING & CONSTRUCTION, LLC, AS TITLE OWNER,
AND WRBM, LLC D/B/A WESTERN RIVERS BOAT
MANAGEMENT, INC. AS OPERATOR AND OWNER
PRO HAC VICE OF THE WILLIAM E. STRAIT, OFFICIAL NO. 270550,
FOR EXONERATION FROM OR LIMITATION OF LIABILITY

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Claimants Tranika Marie Smith and Rakena Antoinette Smith's ("Claimants") Motion for Extension of Time to Respond to Ferrellgas, LP and Ferrellgas, Inc.'s ("Ferrellgas") Motion to Dismiss. [R. 106.] Ferrellgas responded. [R. 114.] This matter is ripe for adjudication. For the reasons stated herein, Claimants' Motion for Extension of Time to Respond, [R. 106], is **GRANTED**.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." "The Supreme Court has said that 'excusable neglect under Rule 6(b) is a somewhat elastic concept.'" *Delta Alcohol Distributors v. Anheuser-Busch Int'l, Inc.*, 28 F. Supp. 3d 682, 686 (E.D. Mich. 2014) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993)). And "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) . . . is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Serv. Co.*, 507 U.S. at 392.

# DISCUSSION

In their Motion for Extension of Time, the Claimants request an extension of fourteen days to respond to Ferrellgas's Motion to Dismiss, [R. 75], pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). [R. 106 at 1.] Ferrellgas opposes this motion, arguing that the Claimants failed to comply with Local Rule 7.1(b) and that Claimants' actions did not amount to excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B). [R. 114 at 1.]

**A. Local Rule 7.1(b)**

Local Rule 7.1(b) provides:

> **Motions for an Extension of Time.** Subject to any deadlines established by the Court, parties may extend time limits by agreed order. Absent an agreed order, the party seeking the extension must file a motion setting forth the reasons for the extension and whether other parties consent. A response opposing the motion must be filed within 7 days of service of the motion.

LR 7.1(b). Here, Ferrellgas argues that the Claimants failed to contact Ferrellgas in order to ascertain whether it would consent, and, therefore, the Claimants' motion should be denied due to failure to comply with Local Rule 7.1(b). [R. 114 at 2.]

The Court takes note of Local Rule 7.1 but, consistent with this Court's discretion, will not deny the Claimants the opportunity to respond to Ferrellgas's Motion to Dismiss. The Court believes that equity demands that Claimants be given a fair opportunity to respond to Ferrellgas's allegations. Furthermore, the period of delay here was quite short. To be sure, a deadline is titled as such because a filing is due on or before that date, and not a day or two or fourteen afterwards. However, there is, in practice, a substantial difference between fourteen days and thirty days or forty days. Moreover, when the Claimants filed the instant motion seeking a fourteen-day extension, they also filed, contemporaneously, their proposed Response to Ferrellgas's Motion

for Summary Judgment. Thus, the Court will not deny the Claimants the opportunity to respond due to Ferrellgas's argument concerning Local Rule 7.1(b).

### B. Federal Rule of Civil Procedure 6(b)(1)(B)

Federal Rule of Civil Procedure 6(b)(1)(B) provides:

> ***In General.*** When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . .
>
> **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(1)(B). Here, Ferrellgas argues that the Claimants' failure to calendar a deadline is not excusable neglect pursuant to Rule 6(b)(1)(B). [R. 114 at 2.] The Sixth Circuit has set forth five factors to be balanced by the district court in making a determination as to excusable neglect pursuant to Rule 6(b)(1)(B):

> (i) the danger of prejudice to the nonmoving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; (iv) whether the delay was within the reasonable control of the moving party; and (v) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

First, Ferrellgas argues that the "prejudice to Ferrellgas is clear," yet fails to offer any clear explanation or example as to why that is so. [R. 114 at 4.] Thus, the Court finds there will be no prejudice to Ferrellgas should the Claimants be permitted to file a response. Secondly, as emphasized by the Claimants, fourteen days is a short length of delay, and the Court does not find any substantial impact will be felt in this case by permitting the Claimants that additional time.

Under the third (and most critical) factor, the Claimants admitted that the reason for delay was that "the deadline was inadvertently not calendared . . . ." [R. 106 at 2.] Ferrellgas

3

retorts that such conduct does not qualify as excusable neglect, and "[e]ven a short extension should not be granted where the reason for the extension fails to meet the standard of excusable neglect." [*Id*. at 3.] In considering excusable neglect, the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Serv. Co.*, 507 U.S. at 392. However, the Supreme Court further noted that the entire concept of "excusable neglect" is an elastic one, indicating that the trial court should use the term as applied to the specific facts of each case and should reach an equitable result therefrom. Here, the most equitable result would be for this Court to review Ferrellgas's Motion to Dismiss *as well as* the Claimants' Response thereto. This would certainly provide this Court with a clearer picture of the case and a better opportunity to reach the most just result on the merits of the case.

Examining the fourth and fifth factors together, it is clear that the delay was within the reasonable control of the Claimants, but there is nothing to suggest that they did not act in good faith. In fact, the Claimants note that they "acted expeditiously to correct the matter and ha[ve] filed our opposition with this motion." [R. 106 at 2.] In short, the Court finds the Claimants' neglect to be excusable under the specific circumstances of this case, as while as the five-factor test under *Nafziger*, 467 F.3d at 522.

## CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED**:

1) The Claimants' Motion for Extension of Time to Respond, [R. 106], is **GRANTED**.

2) Ferrellgas may file a reply by **June 28, 2019** if they choose to do so.

   **IT IS SO ORDERED**.

cc: Counsel of Record

Thomas B. Russell, Senior Judge
United States District Court

June 17, 2019