# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:18-CV-00113-TBR

IN THE MATTER OF THE COMPLAINT OF SMITHLAND
TOWING & CONSTRUCTION, LLC, AS TITLE OWNER,
AND WRBM, LCC D/B/A WESTERN RIVERS BOAT
MANAGEMENT, INC. AS OPERATOR AND OWNER
PRO HAC VIC OF THE WILLIAM E. STRAIT, OFFICIAL NO. 270550,
FOR EXONERATION FROM OR LIMITATION OF LIABILITY

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Limitation Petitioners, Smithland Towing & Construction, LLC and WRBM, LLC d/b/a Western Rivers Boat Management, Inc.'s Motion to Stay, or Alternatively to Coordinate Discovery. [DN 154]. Claimants have responded, [DN 155, 156, 159, 160, 162, 163, 167, 168], and Limitation Petitioners replied, [DN 171]. This matter is ripe for adjudication. For the reasons stated herein: Limitation Petitioners' Motion to Stay, or Alternatively to Coordinate Discovery is GRANTED.

## BACKGROUND

The William E. Strait was a steel inland river towboat owned and operated by Smithland Towing & Construction, LLC and WRBM, LLC. [DN 1 at 2]. On December 14, 2015, the William E. Strait was proceeding southbound on the Mississippi River when it was involved in a collision and sank. *Id.* at 3. After this incident, the First Marine Shipyard took possession of the boat and

began rebuilding it. *Id.* On January 19, 2018, a fatal explosion occurred at First Marine Shipyard during the rebuilding process. *Id.*

On July 24, 2018, Limitation Petitioners filed the current action seeking exoneration from or limitation of liability in connection with the explosion pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*. *Id.* at 1. Limitation Petitioners have since filed a Motion to Stay this proceeding pending the outcome of several related cases in Marshall Circuit Court. [DN 154]. Alternatively, Limitation Petitioners request the Court order coordination of discovery efforts in both the federal and state court litigation in order to prevent unnecessary duplication and expense. *Id.* No party objected to Limitation Petitioners' request to coordinate discovery. [DN 171 at 1139]. However, three claimants opposed the Motion to Stay the proceeding on the grounds that they are not parties to the state litigation, and thus, would be excluded from the discovery process if the current action was stayed. [DN 160, 167, 168].

## LEGAL STANDARD AND ANALYSIS

The current action was brought by Limitation Petitioners pursuant to the Limitation of Liability Act ("LOLA"), 46 U.S.C. § 30501, *et seq.* "When faced with liability for a maritime accident, a vessel owner may file a petition in federal court seeking limitation of liability under LOLA. Provided that the accident in question occurred without the owner's 'privity or knowledge,' LOLA limits the owner's liability to the value of his interest in the vessel and its pending freight." *In re Muer*, 146 F.3d 410 (6th Cir. 1998). While admiralty law provides exclusive jurisdiction to federal courts in determining the extent to which a shipowner is entitled

to limited liability, in some instances state courts may also exercise jurisdiction over related litigation. *See* 28 U.S.C. § 1333(1) ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.").

An action brought pursuant to LOLA may be stayed by the federal district court when there are parallel state court proceedings. The Sixth Circuit explained:

> While the state court action is pending adjudication, the limitation action is held in abeyance. If the plaintiff challenges the shipowner's right to limit liability during the state court proceedings, the federal court may reinstate its stay of the state court proceedings in order to protect the paramount federal right. If no such challenge is made and the state court renders a judgment in favor of the shipowner, or in favor of the claimant in an amount less than the limitation fund, the limitation proceeding is dismissed as moot. However, if the claimant receives a state court judgment in excess of the limitation fund, the federal action proceeds in order to determine those issues relevant to the limitation of liability.

*Id.* at 417–18 (internal citations, quotation marks, and internal footnotes omitted); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001) ("The district courts have jurisdiction over actions arising under [LOLA], and they have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court.").

In this case, Limitation Petitioners request the Court stay the current LOLA action until the resolution of state litigation involving the same incident. Limitation Petitioners are not named in any of the parallel state actions and claim they filed the current action as a "precautionary measure in the event they were implicated in anticipated state court litigation." [DN 154-1 at 1075]. Thus, staying the current proceeding will still afford Limitation Petitioners the necessary protections

3

under LOLA. Moreover, it is a more efficient use of judicial resources to allow issues pertaining to liability and damages among the claimants to proceed in state court. If the state court renders a judgment against the claimants, or in favor of the claimants in an amount less than the limitation fund, this proceeding may be dismissed as moot. But, if the claimants receive a state court judgment in excess of the limitation fund, this action will continue in order to determine issues regarding limitation of liability. While three claimants objected to the Motion to Stay on the grounds that they are not parties to the state litigation and thus will be barred from discovery, the Court finds that the claimants will be not prejudiced by staying this proceeding as they will be able to conduct any additional discovery needed when or if this proceeding continues after the conclusion of the state litigation. Accordingly, the Court finds that the case at bar should be held in abeyance until further notice.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED**:

(1) Limitation Petitioners' Motion to Stay the Proceedings, [DN 154], is **GRANTED**. This matter will be held in abeyance until further notice.

(2) Despite the stay, the Court finds it is in the interest of judicial economy and in the best interest of all prospective parties and witnesses if discovery can be coordinated between this matter and the state court cases. Therefore, Limitation Petitioners' Motion to Coordinate Discovery, [DN 154], is **GRANTED**. The parties will coordinate their discovery in this matter with the state court.

(3) Defendants Ferrellgas, L.P. and Ferrellgas, Inc.'s Motion to Dismiss for Lack of Jurisdiction, [DN 75], and Limitation Petitioners' Motion for Entry of Default, [DN 139], are **DENIED** at this time with leave to refile.

(4) The telephonic conference scheduled for October 18, 2019 is cancelled.

(5) Limitation Petitioners are directed to notify the Court when a telephonic conference is required.

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 2, 2019

CC: Attorneys of Record

Mail to:

Joe Rupke
Rupcke's Blasting & Painting
1604 Broad Street
Paducah, KY 42003

Four Rivers Marine Coating
4485 Clarks River Road
Paducah, KY 42003