## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

*In re* Smithland Towing & Construction LLC,
as Title Owner, and WRBM d/b/a Western
Rivers Boat Management, Inc. as Operator
and Owner *pro hac vice* of the William E.
Strait, No. 2070550, for exoneration
from or limitation of liability

No. 5:18-cv-113-BJB

\* \* \* \* \*

### OPINION & ORDER

This order addresses a motion to seal (DN 213) in a long-running limitation-of-liability action concerning a towboat explosion that killed several people. Alice Stewart (widowed by the incident) and Hutco Services (her widow's employer) object to Magistrate Judge King's order denying Stewart's motion to seal the amount of the settlement between Stewart, her minor children, and Hutco. In that cursory motion, Stewart claimed that "there is no need to make the settlement amounts public" because "other settlements in this case have all been confidential." Motion to Seal (DN 213) at 1. Judge King held that this did not provide a "compelling reason" that "outweighs the public interest in access to court records." Order (DN 228) at 1, 2 (citing *Hargrove v. Jefferson County Board of Education*, No. 3:16-cv-806, 2022 WL 188190, at \*4–5 (W.D. Ky. Jan. 20, 2022)).

Because these objections (DNs 229, 230) address a nondispositive pretrial matter, the Court reviews them to determine whether Judge King's order is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Hutco and Stewart fail to meet this standard (which they did not mention in their objections). Hutco argues that "public disclosure of the settlement amounts by this Court is not necessary" because "the District Court Judge determined that he lacks jurisdiction to approve or disapprove the settlement" (referring to, but not citing, this Court's opinion at DN 223) and that "public disclosure … unnecessarily intrudes upon the privacy and welfare of Stewart's minor children." Hutco Objections (DN 230) at 3. But unnecessary does not mean erroneous, much less unlawful. And Stewart—the original movant—apparently does not share Hutco's privacy concerns, or at least hasn't paused to explain why. Her filing simply "objects to this Court releasing to the public the settlement amounts which are no longer before this Court for consideration," without any analysis or explanation whatsoever. Stewart Objections (DN 229) at 2. Since neither Hutco nor Stewart have demonstrated that Judge King's order was erroneous given the arguments laid before him, the Court overrules their objections.

That said, the Court has an independent obligation to account for the interests of minors' privacy and public transparency: judges "must strike a balance between the public's interest in full disclosure of judicial proceedings and the interests of litigants in keeping information confidential to protect the privacy and integrity of their affairs." *Davis v. Alcoa*, No. 17-cv-13658, 2019 WL 3346075, at *2 (E.D. Mich. June 10, 2019). The interest of "innocent third parties," such as Stewart's minor children, "should weigh heavily." *Id.*

Here the scales tilt in favor of sealing the settlement agreement. The public interest in disclosure of the settlement amount is minimal; most settlements are never filed in the public record. This one was only because Stewart's counsel believed that a provision of Kentucky law required this Court's approval of a settlement entered into on behalf of a minor. *See generally* Order Denying Approval (DN 223) at 3–4 (analyzing K.R.S. § 387.125(6)). This Court read the statute not to require judicial approval here. So the basis for the settlement amount's appearance in the record has already evaporated. And the reason for that statute and for the lawyers' submission of the settlement—the protection of vulnerable minors—supports shielding the settlement amount from public scrutiny. *See Davis*, 2019 WL 3346075, at *2 (sealing settlement agreement submitted for court approval to protect interests of minor beneficiaries). What's more, the 27th Judicial District Court for St. Landry Parish, Louisiana is now considering the parties' request for settlement approval. Stewart Objections at 2 (referring to the Louisiana court that appointed Stewart the guardian of her minor children's interests). That court is better positioned to decide whether to release or protect the settlement amount and allocation (the only parts of the agreement the parties have filed). A decision by this Court to publish that information on the public docket would necessarily displace the Louisiana court's primary role in the matter.

***

The Court overrules Stewart's (DN 229) and Hutco's (DN 230) objections but nonetheless orders the Clerk to keep sealed the document labeled "Settlement Amount for Alice Stewart, et al." that Stewart filed with this Court. (DN 214).

Benjamin Beaton, District Judge
United States District Court

May 9, 2024